UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF MONTANA

In re

    **SHAWN JACKSON**, and
    **KATHERINE JACKSON**,

              Debtors.

Case No. **05-65276-13**

**MEMORANDUM OF DECISION**

At Butte in said District this 16th day of July, 2007.

In this chapter 13 bankruptcy case, after due notice, the Court held a hearing on July 10, 2007, in Butte on the Application for Professional Fees and Costs filed by attorney R. Clifton Caughron on May 23, 2007. Attorney R. Clifton Caughron, of Helena, Montana, appeared at the hearing in support of the Application. The chapter 13 trustee, Robert G. Drummond, of Great Falls, Montana, filed an objection to the filed application. This memorandum contains the Court's findings of fact and conclusions of law.

Procedurally, Debtors filed their voluntary chapter 13 bankruptcy petition on October 15, 2005, with their plan and a "Disclosure of Compensation of Attorney for Debtor" filed by attorney Stephen R. McCue ("McCue") of Debt Relief Law, PLLC. McCue's disclosure states that Debtors agreed to pay $1,750.00[1] in fees as an administrative expense, and Debtors further

---

[1] Mont. LBR 2016-1(b) provides for presumed reasonable fees in a chapter 13 case up to $1,750.00, and if the fees do not exceed that amount no application for such fees will be required and no order authorizing such fees shall be necessary. The presumed reasonable fees are also

1

agreed that McCue could file an additional application if hourly fees exceeded the amount estimated. No other disclosures of compensation have been filed by any other attorney for the Debtors, even though attorney R. Clifton Caughron ("Caughron"), also of Debt Relief Law, PLLC, appeared as Debtors' counsel at a hearing held January 10, 2006.

Debtors filed amended plans, including a Second Amended Chapter 13 Plan on June 12, 2006. Debtors' Second Amended Chapter 13 Plan states that Debtors' attorney fees shall be paid as an administrative claim in the amount of $1,000.00 plus costs "and additional fees in such amounts as may be allowed by the Court." Caughron, not McCue, appeared as Debtors' attorney at the confirmation hearing held on June 13, 2006. Subsequently the chapter 13 trustee withdrew his objection and filed a consent to confirmation, and the Debtors' Plan was confirmed on June 28, 2006. The confirmed Plan provides for total plan payments in the amount of $31,120.00 over 38 months.

Finally, on March 30, 2007, although Caughron had previously been appearing as Debtors' attorney, Caughron filed a formal notice of substitution as Debtors' attorney. Caughron has never filed a disclosure of compensation for himself and the disclosure filed by McCue stated that McCue "agreed to accept payment of fees and costs to be paid as follows: "Attorney fees @ 150.00 per hour; Lead Paralegal fees @ 120.00 per hour, and Paralegal fees @ 75.00 per hour."[2]

Caughron proceeded to file his Application for Professional Fees and Costs. While McCue's disclosure states the attorney fees will total $1,750.00 and the confirmed Plan states

---

commonly referred to as "no look" fees.

[2] Caughron apparently designated himself as a "Lead Paralegal" during a period of time when Caughron was suspended from the practice of law.

2

the attorney fees as $1,000.00, Caughron's Application for compensation requests total attorney fees in this case in the amount of $7,083.33 for Caughron, McCue and a paralegal. Although McCue is the only attorney to file a disclosure of attorney compensation, the Application states that McCue's total fees are only $131.17, while Caughron's fees total $5,954.98. The billing statement accompanying the Application shows that Caughron, McCue and the paralegal incurred all but $771.13 of the fees prior to June 12, 2006, when according to the confirmed Plan, Debtors' attorney fees would total $1,000.00. Thus the billing records show that Caughron underestimated the Debtors' attorney fees in the confirmed Plan by substantially more than $5,000. Additionally, contrary to McCue's disclosure, which set the hourly rate for attorney's fees at $150.00, Caughron's hourly rate increased from $150.00, for the first .33 hours, to $195.00 per hour without explanation. Furthermore, Caughron's mileage rate increased from $.445 to $.485 without explanation.

     Because of the significant discrepancies between the presumed reasonable fees which were disclosed in McCue's Disclosure of Compensation, and Caughron's actual fees requested in the Application, and due to other concerns as previously discussed, including but not limited to Caughron's failure file a disclosure of compensation, Caughron's delay in filing the notice of substitution for McCue, and Caughron's increase in his hourly rate and mileage rate without explanation, the Court set Caughron's Application for an evidentiary hearing to give Caughron the opportunity to explain the discrepancies and answer the Court's concerns. Following entry on June 12, 2007, of the Order setting the matter for hearing, the chapter 13 trustee filed an objection to Caughron's fee request, arguing that Debtors' confirmed chapter 13 Plan was "insufficiently funded to pay the requested fees and still meet the requirements of the

best interests of creditors test to pay the amount of $14,600.00 to the class of general unsecured creditors as provided under paragraph 2(f)."

As previously mentioned, Caughron appeared at the hearing in support of the fee request. However, Caughron's only response to the Court's expressed concerns was that the time billed for "Administrator" during the early stages of this case, which fees total $575.00, should have been deleted.

Nowhere in the record is there any disclosure by Caughron, or McCue for that matter, that the fees in this case would exceed the amount set forth in the Disclosure of Compensation of Attorney for Debtor filed October 15, 2005, or the Second Amended Chapter 13 Plan filed June 12, 2006, wherein fees were estimated at $1,000.00. In a case not unlike the instant case, this Court wrote:

> Applicant filed a Third Amended Chapter 13 plan dated July 27, 1998, which contained the following provision:
>
>> In advance of all other claims, the Trustee shall pay those claims, fees, or charges specified in 11 U.S.C. § 507(a)(1), including the Debtors' attorney fees of $1,000.00 less $575.00 received from the Debtors prior to the filing, plus costs and additional fees in such amount as may be allowed by the Court... .
>
> That plan was confirmed by the Court on August 21, 1998.
>
> The Court takes such a provision to mean that as of July 27, 1998, Applicant had provided services to Debtors in the approximate sum of $1,000.00. While Applicant did not sign the Third Amended Chapter 13 plan, he certainly cannot deny that he prepared it or that he filed it with the Court.[3] As Applicant is

---

[3] Material misrepresentations with regard to any provision in a Chapter 13 plan could subject either the attorney or the proponent of the plan to sanctions under Bankruptcy Rule 9011 which reads:

By representing to the court (whether by signing, filing, submitting, or later

4

> well aware, both the Court and the Trustee would assume that the fees incurred as of the date of the plan were in the neighborhood of $1,000.00 and would use such figure as a basis for calculating the feasibility of Debtors' plan. Knowing the importance of this figure, Applicant nevertheless proceeded to mislead the Court and the Trustee by failing to include the actual fees incurred as of July 23, 1998, in the sum of $4,033.50.[4] Furthermore, as of the date of the Third Amended Chapter 13 plan, Applicant had incurred costs of $300.92. In all, Caughron included less than a quarter of the total fees and costs that had been incurred at the time the Third Amended Chapter 13 plan was filed.
>
> Such a gross understatement of fees can have a drastic impact on the confirmation of debtors' plans, and this Court will not tolerate this type of misrepresentation.

*In re Townsend*, 17 Mont. B.R. 141, 143-44 (Bankr. D. Mont. 1998).

In this case, Caughron had incurred all but $771.13 of the total fees of $7,083.33 prior to the date Debtors' Second Amended Chapter 13 Plan was filed on June 12, 2006. Caughron's failure to disclose – to this Court, the chapter 13 trustee and other parties-in-interest – that the fees exceeded the amount disclosed in the record by $4,562.20 was a material misrepresentation that, as reflected in the trustee's recent objection, impacts the feasibility of Debtors' confirmed chapter 13 Plan. As noted by this Court in *Townsend*, such a gross understatement of fees simply

---

>   advocating) a petition, pleading, written motion, or other paper, an attorney or unrepresented party is certifying that to the best of the person's knowledge, information, and belief, formed after an inquiry reasonable under the circumstances,--
>
>   (3) the allegations and other factual contentions have evidentiary support or, if specifically so identified, are likely to have evidentiary support after a reasonable opportunity for further investigation or discovery

[4] As of July 23, 1998 – four days prior to the date of the Third Amended plan – Applicant had allegedly spent 23.08 hours on this case at a rate of $110.00 per hour and had spent 6.39 hours driving to and from hearings at an hourly rate of $55.00. In addition, Marie Connolly, Applicant's paralegal–had spent 22.04 hours on the case at a rate of $50.00 per hour and had done 1.65 hours of research at a rate of $25.00 per hour. In all, the fees as of the date of the Third Amended Chapter 13 plan totaled $4,033.50.

will not be tolerated.

      Additionally, 11 U.S.C. § 329 provides:

(a) Any attorney representing a debtor in a case under this title, or in connection with such a case, whether or not such attorney applies for compensation under this title, shall file with the court a statement of the compensation paid or agreed to be paid, if such payment or agreement was made after one year before the date of filing of the petition, for services rendered or to be rendered in contemplation of or in connection with the case by such attorney, and the source of such compensation.

(b) If such compensation exceeds the reasonable value of any such services, the court may cancel any such agreement, or order the return of any such payment, to the extent excessive, to –

(1) the estate, if the property transferred-

    (A) would have been property of the estate; or

    (B) was to be paid by or on behalf of the debtor under a plan under chapter 11, 12, or 13 of this title; or

(2) the entity that made such payment.

      Section 329 is implemented by F.R.B.P. 2016.  Rule 2016(b) provides, in pertinent part, the following:

(b) *Disclosure of Compensation Paid or Promised to Attorney for Debtor.* Every attorney for a debtor, whether or not the attorney applies for compensation, shall file and transmit to the United States trustee within 15 days after the order for relief, or at another time as the court may direct, the statement required by § 329 of the Code including whether the attorney has shared or agreed to share the compensation with any other entity.... A supplemental statement shall be filed and transmitted to the United States trustee within 15 days after any payment or agreement not previously disclosed.

      Based upon the foregoing code section and rule, Caughron had a duty to disclose his hourly rate and his representation of the Debtors, as a supplement to McCue's original disclosure statement.  Caughron's failure to file a supplemental disclosure is clearly in violation of the § 329

6

and F.R.B.P. 2016(b). *See In re Lewis*, 113 F.3d 1040, 1044-45 (9th Cir. 1997).

The Ninth Circuit panel in *In re Park-Helena Corp.*, 63 F.3d 887, 880-81 (9th Cir. 1995), concluded:

> To facilitate the court's policing responsibilities, the Bankruptcy Code and Federal Rules of Bankruptcy Procedure impose several disclosure requirements on attorneys who seek to represent a debtor and who seek to recover fees. *See* 11 U.S.C. § 329; Fed.R.Bankr.P. 2014 & 2016. The disclosure rules impose upon attorneys an independent responsibility. Thus, failure to comply with the disclosure rules is a sanctionable violation, even if proper disclosure would have shown that the attorney had not actually violated any Bankruptcy Code provision or any Bankruptcy Rule. *In re Film Ventures Int'l,* 75 B.R. at 252.
>
> * * *
>
> A fee applicant must disclose "the precise nature of the fee arrangement," and not simply identify the ultimate owner of the funds. *See In re Glenn Elec. Sales Corp.,* 99 B.R. 596, 600 (D.N.J.1988); *see also In re Bob's Supermarket's, Inc.,* 146 B.R. 20, 25 (Bankr.D.Mont.1992) ( " '[D]ebtor's counsel [must] lay bare all its dealings ... regarding compensation.... Counsel's fee revelations must be direct and comprehensive. Coy, or incomplete disclosures ... are not sufficient.' ") (quoting *In re Saturley,* 131 B.R. 509, 516-17 (Bankr.D.Me.1991)), *aff'd in part and rev'd in part,* 165 B.R. 339 (9th Cir. BAP 1993); *In re Plaza Hotel Corp.,* 111 B.R. 882, 883 (Bankr.E.D.Cal.) ("the duty is one of complete disclosure of *all facts* ") (emphasis added), *aff'd,* 123 B.R. 466 (9th Cir. BAP 1990); *In re B.E.S. Concrete Prods., Inc.,* 93 B.R. 228, 237 (Bankr.E.D.Cal.1988) ("The burden is on the person to be employed to come forward and make *full, candid, and complete disclosure.*") (emphasis added).
>
> The disclosure rules are applied literally, even if the results are sometimes harsh. *See In re Plaza Hotel,* 111 B.R. at 883. Negligent or inadvertent omissions "do not vitiate the failure to disclose." *In re Maui 14K, Ltd.,* 133 B.R. 657, 660 (Bankr.D.Haw.1991); *In re Coastal Equities, Inc.,* 39 B.R. 304, 308 (Bankr.S.D.Cal.1984). Similarly, a disclosure violation may result in sanctions "regardless of actual harm to the estate." *In re Maui 14K,* 133 B.R. at 660.

The Court is given the inherent authority over Debtors' attorney's compensation to approve or deny fees and costs, in whole or in part, if a violation of disclosure occurs. *See In re Lewis*, 113 F.3d at 1045; and *In re Buckner* 350 B.R. 874, 878 (Bankr. D. Idaho 2005). The panel

in *Lewis* stated:

> Although we did not explicitly so recognize in *In re Park-Helena,* the bankruptcy court's authority to deny completely these attorney's fees was grounded in the inherent authority over the debtor's attorney's compensation. The Bankruptcy Code contains a number of provisions (e.g., §§ 327, 329, 330, 331) designed to protect the debtor from the debtor's attorney. *See, e.g., In re Walters,* 868 F.2d 665, 668 (4th Cir.1989) (noting that § 329 and Rule 2017 are designed to protect the creditors and the debtor against overreaching by attorney). As a result, several courts have recognized that the bankruptcy court has broad and inherent authority to deny any and all compensation when an attorney fails to meet the requirements of these provisions. *See, e.g., In re Downs,* 103 F.3d 472, 479 (6th Cir.1996) ("[T]he bankruptcy court should deny all compensation to an attorney who exhibits a willful disregard of his fiduciary obligations to fully disclose the nature and circumstances of his fee arrangement under § 329 and Rule 2016. The authority to do so is inherent, and in the face of such infractions should be wielded forcefully."); *Matter of Prudhomme,* 43 F.3d 1000, 1003 (5th Cir.1995) ("Additionally, the court's broad discretion in awarding and denying fees paid in connection with bankruptcy proceedings empowers the bankruptcy court to order disgorgement as a sanction to debtors' counsel for nondisclosure."); *In re Chapel Gate Apartments, Ltd.,* 64 B.R. 569, 575 (Bankr.N.D.Tex.1986) ("Indeed, a failure of counsel to obey the mandate of § 329 and Rule 2016 concerning disclosure, and by implication review by the Court, is a basis for entry of an order denying compensation and requiring the return of sums already paid.").

The Court concludes that Caughron violated the duty to disclose by failing to inform the Court and the trustee of the accrue fees at the time of confirmation by not stating the accrued fees in the proposed plan and by failing to file a disclosure statement, especially when he substituted as the attorney for Debtors and had during the pendency of the case done substantially all of the legal work. Further, at no time until Caughron filed the fee application did Caughron inform the Court or the trustee that he billed his clients at the rate of $195 per hour. McCue disclosed that he would charge $150.00 per hour, and that the lead paralegal would charge $120.00 per hour. No specific disclosure exists that Caughron would charge $195 per hour. The Court wonders whether the Debtors actually knew what Caughron would charge on an hourly basis. Even

though the Court concludes, based upon Caughron's violation of disclosure, that it could disallow all fees in this case through its inherent authority, the Court exercises its discretion and allows the fees and costs previously paid to Caughron, McCue and Debt Relief Law, PLLC, by Debtors and the trustee, but disallows any unpaid fees and costs.

In accordance with the foregoing and consistent with the ruling made by the undersigned at the hearing held June 10, 2007, the following separate order will be entered:

IT IS ORDERED that the Application for Professional Fees and Costs filed May 23, 2007, is approved in part and denied in part; and R. Clifton Caughron, Stephen R. McCue and Debt Relief Law, PLLC are awarded total fees of $1,750.00 and costs of $350.00, which amounts, according to the Application, have previously been paid either by the Debtors or by the trustee.

BY THE COURT

HON. RALPH B. KIRSCHER
U.S. Bankruptcy Judge
United States Bankruptcy Court
District of Montana