UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF MONTANA

| | |
|---|---|
| In re<br><br>**SHAWN JACKSON**, and<br>**KATHERINE JACKSON**,<br><br>Debtors. | Case No. **05-65276-13** |

# MEMORANDUM of DECISION

At Butte in said District this 14th day of May, 2008.

In this Chapter 13 bankruptcy, after due notice, a hearing was held May 13, 2008, in Butte on approval of the Amended and Updated Application for Professional Fees and Costs ("Amended Application") filed by Debtors' attorney of record, R. Clifton Caughron of Helena, Montana ("Caughron"), on March 13, 2008. Caughron appeared at the hearing in support of his Application. No appearance was made in opposition thereto. In addition, the Court heard no testimony and no exhibits were offered into evidence.

In his Amended Application filed March 13, 2008, Caughron seeks an award of fees and costs in the amount of $6,570.25. The Court would note that but for fees of $923.25[1] and costs

---

[1] According to handwritten notations on the billing statement, Caughron is charging $150.00 for .03 hours of work on April 27, 2007, $150.00 for .17 hours of work on July 10, 2007, and $150.00 for .58 hours of travel on July 10, 2007. In addition, Caughron is billing $225.00 for 3.58 hours of work on March 11, 2008, preparing Debtors' amended plan.

1

of $15.35 or $16.73[2], the Amended Application requests fees which were disallowed after the Chapter 13 Trustee's objection to Caughron's earlier application for compensation was heard after notice. In a Memorandum of Decision and Order entered July 16, 2007, this Court awarded Caughron and Debt Relief Law, PLLC, $1,750.00 in total fees and costs of $350.00, which fees and costs had already been paid to Caughron by either the Debtors or the Trustee as of July 16, 2007, and denied fees and costs of $5,426.69 as a sanction for Caughron's violation of disclosure. Caughron's Amended Application resubmits the fees and costs previously disallowed, albeit at lower billing rates, and requests additional fees for a modification of Debtors' confirmed Plan which reduced the amount distributed to unsecured claims from $14,600.00 to $14,270.00 and increased Debtors' estimated attorney fees from $1,000.00, per Debtors' prior confirmed Second Amended Chapter 13 Plan, to $7,000.00. No timely appeal was taken from this Court's prior decision.

Caughron explained at the May 13, 2008, hearing that he resubmitted the fees and costs for approval because he thought the primary reason the fees and costs were previously denied on July 16, 2007, was because of Caughron's undisclosed increase in his hourly billing rate. The Court does not agree with Caughron's narrow interpretation of this Court's July 16, 2007, Memorandum of Decision. A careful review of this Court's July 16, 2007, decision clearly reflects that all but $2,100.00 of fee and costs were denied because of an overall failure to disclose accurate fees and costs:

> Nowhere in the record is there any disclosure by Caughron, or McCue for

---

[2] The billing statement reflects that Caughron charged a cost of $15.35 for 34.5 miles at a rate of .445. In a handwritten notation, the mileage rate is increased to .485, thus increasing the mileage cost to $16.73.

that matter, that the fees in this case would exceed the amount set forth in the Disclosure of Compensation of Attorney for Debtor filed October 15, 2005, or the Second Amended Chapter 13 Plan filed June 12, 2006, wherein fees were estimated at $1,000.00. In a case not unlike the instant case, this Court wrote:

> Applicant filed a Third Amended Chapter 13 plan dated July 27, 1998, which contained the following provision:
>
>> In advance of all other claims, the Trustee shall pay those claims, fees, or charges specified in 11 U.S.C. § 507(a)(1), including the Debtors' attorney fees of $1,000.00 less $575.00 received from the Debtors prior to the filing, plus costs and additional fees in such amount as may be allowed by the Court... .
>
> That plan was confirmed by the Court on August 21, 1998.
>
> The Court takes such a provision to mean that as of July 27, 1998, Applicant had provided services to Debtors in the approximate sum of $1,000.00. While Applicant did not sign the Third Amended Chapter 13 plan, he certainly cannot deny that he prepared it or that he filed it with the Court. As Applicant is well aware, both the Court and the Trustee would assume that the fees incurred as of the date of the plan were in the neighborhood of $1,000.00 and would use such figure as a basis for calculating the feasibility of Debtors' plan. Knowing the importance of this figure, Applicant nevertheless proceeded to mislead the Court and the Trustee by failing to include the actual fees incurred as of July 23, 1998, in the sum of $4,033.50. Furthermore, as of the date of the Third Amended Chapter 13 plan, Applicant had incurred costs of $300.92. In all, Caughron included less than a quarter of the total fees and costs that had been incurred at the time the Third Amended Chapter 13 plan was filed.
>
> Such a gross understatement of fees can have a drastic impact on the confirmation of debtors' plans, and this Court will not tolerate this type of misrepresentation.

*In re Townsend*, 17 Mont. B.R. 141, 143-44 (Bankr. D. Mont. 1998).

In this case, Caughron had incurred all but $771.13 of the total fees of $7,083.33 prior to the date Debtors' Second Amended Chapter 13 Plan was filed on June 12, 2006. Caughron's failure to disclose – to this Court, the chapter 13 trustee and other parties-in-interest – that the fees exceeded the amount disclosed in the record by $4,562.20 was a material misrepresentation that, as reflected in the trustee's recent objection, impacts the feasibility of Debtors' confirmed

3

chapter 13 Plan. As noted by this Court in *Townsend*, such a gross understatement of fees simply will not be tolerated.

    Additionally, 11 U.S.C. § 329 provides:

(a) Any attorney representing a debtor in a case under this title, or in connection with such a case, whether or not such attorney applies for compensation under this title, shall file with the court a statement of the compensation paid or agreed to be paid, if such payment or agreement was made after one year before the date of filing of the petition, for services rendered or to be rendered in contemplation of or in connection with the case by such attorney, and the source of such compensation.

(b) If such compensation exceeds the reasonable value of any such services, the court may cancel any such agreement, or order the return of any such payment, to the extent excessive, to –

(1) the estate, if the property transferred-

    (A) would have been property of the estate; or

    (B) was to be paid by or on behalf of the debtor under a plan under chapter 11, 12, or 13 of this title; or

(2) the entity that made such payment.

    Section 329 is implemented by F.R.B.P. 2016. Rule 2016(b) provides, in pertinent part, the following:

(b) *Disclosure of Compensation Paid or Promised to Attorney for Debtor.* Every attorney for a debtor, whether or not the attorney applies for compensation, shall file and transmit to the United States trustee within 15 days after the order for relief, or at another time as the court may direct, the statement required by § 329 of the Code including whether the attorney has shared or agreed to share the compensation with any other entity.... A supplemental statement shall be filed and transmitted to the United States trustee within 15 days after any payment or agreement not previously disclosed.

    Based upon the foregoing code section and rule, Caughron had a duty to disclose his hourly rate and his representation of the Debtors, as a supplement to McCue's original disclosure statement. Caughron's failure to file a supplemental disclosure is clearly in violation of the § 329 and F.R.B.P. 2016(b). *See In re Lewis*, 113 F.3d 1040, 1044-45 (9th Cir. 1997).

4

The Ninth Circuit panel in *In re Park-Helena Corp.*, 63 F.3d 887, 880-81 (9th Cir. 1995), concluded:

> To facilitate the court's policing responsibilities, the Bankruptcy Code and Federal Rules of Bankruptcy Procedure impose several disclosure requirements on attorneys who seek to represent a debtor and who seek to recover fees. *See* 11 U.S.C. § 329; Fed.R.Bankr.P. 2014 & 2016. The disclosure rules impose upon attorneys an independent responsibility. Thus, failure to comply with the disclosure rules is a sanctionable violation, even if proper disclosure would have shown that the attorney had not actually violated any Bankruptcy Code provision or any Bankruptcy Rule. *In re Film Ventures Int'l,* 75 B.R. at 252.
>
> * * *
>
> A fee applicant must disclose "the precise nature of the fee arrangement," and not simply identify the ultimate owner of the funds. *See In re Glenn Elec. Sales Corp.,* 99 B.R. 596, 600 (D.N.J.1988); *see also In re Bob's Supermarket's, Inc.,* 146 B.R. 20, 25 (Bankr.D.Mont.1992) ( " '[D]ebtor's counsel [must] lay bare all its dealings ... regarding compensation.... Counsel's fee revelations must be direct and comprehensive. Coy, or incomplete disclosures ... are not sufficient.' ") (quoting *In re Saturley,* 131 B.R. 509, 516-17 (Bankr.D.Me.1991)), *aff'd in part and rev'd in part,* 165 B.R. 339 (9th Cir. BAP 1993); *In re Plaza Hotel Corp.,* 111 B.R. 882, 883 (Bankr.E.D.Cal.) ("the duty is one of complete disclosure of *all facts* ") (emphasis added), *aff'd,* 123 B.R. 466 (9th Cir. BAP 1990); *In re B.E.S. Concrete Prods., Inc.,* 93 B.R. 228, 237 (Bankr.E.D.Cal.1988) ("The burden is on the person to be employed to come forward and make *full, candid, and complete disclosure.*") (emphasis added).
>
> The disclosure rules are applied literally, even if the results are sometimes harsh. *See In re Plaza Hotel,* 111 B.R. at 883. Negligent or inadvertent omissions "do not vitiate the failure to disclose." *In re Maui 14K, Ltd.,* 133 B.R. 657, 660 (Bankr.D.Haw.1991); *In re Coastal Equities, Inc.,* 39 B.R. 304, 308 (Bankr.S.D.Cal.1984). Similarly, a disclosure violation may result in sanctions "regardless of actual harm to the estate." *In re Maui 14K,* 133 B.R. at 660.

The Court is given the inherent authority over Debtors' attorney's compensation to approve or deny fees and costs, in whole or in part, if a violation of disclosure occurs. *See In re Lewis*, 113 F.3d at 1045; and *In re Buckner* 350 B.R. 874, 878 (Bankr. D. Idaho 2005). The panel in *Lewis* stated:

>Although we did not explicitly so recognize in *In re Park-Helena,* the bankruptcy court's authority to deny completely these attorney's fees was grounded in the inherent authority over the debtor's attorney's compensation. The Bankruptcy Code contains a number of provisions (e.g., §§ 327, 329, 330, 331) designed to protect the debtor from the debtor's attorney. *See, e.g., In re Walters,* 868 F.2d 665, 668 (4th Cir.1989) (noting that § 329 and Rule 2017 are designed to protect the creditors and the debtor against overreaching by attorney). As a result, several courts have recognized that the bankruptcy court has broad and inherent authority to deny any and all compensation when an attorney fails to meet the requirements of these provisions. *See, e.g., In re Downs,* 103 F.3d 472, 479 (6th Cir.1996) ("[T]he bankruptcy court should deny all compensation to an attorney who exhibits a willful disregard of his fiduciary obligations to fully disclose the nature and circumstances of his fee arrangement under § 329 and Rule 2016. The authority to do so is inherent, and in the face of such infractions should be wielded forcefully."); *Matter of Prudhomme,* 43 F.3d 1000, 1003 (5th Cir.1995) ("Additionally, the court's broad discretion in awarding and denying fees paid in connection with bankruptcy proceedings empowers the bankruptcy court to order disgorgement as a sanction to debtors' counsel for nondisclosure."); *In re Chapel Gate Apartments, Ltd.,* 64 B.R. 569, 575 (Bankr.N.D.Tex.1986) ("Indeed, a failure of counsel to obey the mandate of § 329 and Rule 2016 concerning disclosure, and by implication review by the Court, is a basis for entry of an order denying compensation and requiring the return of sums already paid.").

The Court concludes that Caughron violated the duty to disclose by failing to inform the Court and the trustee of the accrued fees at the time of confirmation by not stating the accrued fees in the proposed plan and by failing to file a disclosure statement, especially when he substituted as the attorney for Debtors and had during the pendency of the case done substantially all of the legal work. Further, at no time until Caughron filed the fee application did Caughron inform the Court or the trustee that he billed his clients at the rate of $195 per hour. McCue disclosed that he would charge $150.00 per hour, and that the lead paralegal would charge $120.00 per hour. No specific disclosure exists that Caughron would charge $195 per hour. The Court wonders whether the Debtors actually knew what Caughron would charge on an hourly basis. Even though the Court concludes, based upon Caughron's violation of disclosure, that it could disallow all fees in this case through its inherent authority, the Court exercises its discretion and allows the fees and costs previously paid to Caughron, McCue and Debt Relief Law, PLLC, by Debtors and the trustee, but disallows any unpaid fees and costs.

The Court's July 16, 2007, Memorandum of Decision and Order disallowing fees and costs of $5,426.69 precludes Caughron's present Amended Application for fees for the same services under the "law of the case" doctrine, which provides that "a court is generally precluded from reconsidering an issue that has already been decided by the same court, or a higher court in the identical case". *United States v. Cuddy*, 147 F.3d 1111, 1114 (9th Cir. 1998) (quoting *United States v. Alexander*, 106 F.3d 874, 876 (9th Cir. 1997)).

Thus, the only issue before the Court in the Amended Application is approval of the fees and costs incurred between April 27, 2007, and March 11, 2008. The Court will award Caughron the fees totaling $117.00 that were incurred between April 27, 2007, and July 10, 2007. The Court will also approve Caughron's mileage expense of $16.73 incurred on July 10, 2007, for attending the hearing on approval of the original Application for fees and costs.

The sole fee left to address is Caughron's fee of $806.25 incurred on March 11, 2008, for "Client in to prepare for amending their Plan." As previously noted, Debtors' prior confirmed Second Amended Chapter 13 Plan dated June 12, 2006, differs from Debtors' now confirmed First Post-Confirmation Amended Chapter 13 Plan dated March 12, 2008, only minimally. First, Valley Bank of Helena, which was originally treated as having an impaired secured claim was reclassified as having an unimpaired secured claim in Debtors' Amended Plan dated March 12, 2008. Such reclassification is consistent with the Trustee's Satisfaction of Claim filed December 13, 2007, wherein the Trustee recites that "on March 10, 2006, Valley Bank of Helena filed a claim in the above-referenced bankruptcy case in the amount of $10,716.54, listed on the Court's claims register as Claim No. 19. . . . That this debt has been fully satisfied and no further distributions are needed." Second, Debtors' Amended Plan dated March 12, 2008, reduced

Debtors' plan term from 38 months to 36 months, increased the total funding from $31,120.00 to $37,280.00, increased Caughron's administrative claim from $1,000.00 to $7,000.00 and reduced the amount that would be distributed to priority and unsecured creditors from $14,600.00 to $14,270.00.

In sum, it appears that Caughron's primary purpose in amending Debtors' plan on March 11, 2008, was to increase the funding of Debtors' plan and increase his disclosed administrative fee in an effort to defeat the Court's prior ruling of July 16, 2007. As the Court noted above, the Court's ruling of July 16, 2007, is the law of the case and no effort taken by Caughron at this late date will undo the Court's prior ruling. Thus, the Court concludes that any fees requested by Caughron for services performed on March 11, 2008, which were performed with the intent of defeating the Court's July 16, 2008, ruling are neither reasonable nor necessary.

The Court acknowledges that a portion of the time spent amending Debtors' plan on March 11, 2008, may be attributable to reclassifying Valley Bank of Helena's satisfied claim. However, the Court cannot ascertain what portion of the 3.58 hours is attributable to such activity. Mont. LBR 2016-1(a) and case law prohibits lumping except for services involving one hour or less. Caughron's entry on March 11, 2008, for 3.58 spent on "Clients in to prepare for amending their Plan" is vague. When lumping makes it impossible for the Court to allocate time to each activity such as meeting with clients, preparing amended plan, and filing amended plan, the Court may disallow all the hours which were lumped together:

> The "lodestar method, multiplying a reasonable number of hours by a reasonable hourly rate, is the primary but not exclusive method of calculating fees. *Unsecured Creditors' Committee v. Puget Sound Plywood, Inc. (Puget Sound)*, 924 F.2d 955, 960 (9th Cir. 1991). In *Puget Sound*, the Ninth Circuit affirmed an award based on an alternative formula based on a percentage of what the applicant

8

> recovered for the estate instead of the "lodestar" method. Id. at 961. The Ninth Circuit stated:
>
>> Indeed, the bankruptcy court found that Uziel's application was difficult to interpret. "Because the application contains numerous entries which lump together services relating to varying matters, the court is unable to delineate the specific times spent on specific tasks." While Uziel submitted a comprehensive statement, it is difficult to sort out the work performed on the three categories for which he seeks compensation. Uziel thus failed to supply the bankruptcy court with a sufficiently detailed application.
>
> *Id*. at 960. Having found that the fee application was inadequate and failed the "actual and necessary" prong of 11 U.S.C. § 330, the bankruptcy court in *Puget Sound* based its award on the amount that the applicant recovered for the estate. Id. at 961.

*In re Brown*, 10 Mont. B.R. 309, 313-314 (Bankr. Mont. 1992). In the instant case, Caughron's daily total on March 11, 2008, has made it impossible for this Court to award Caughron any of the requested fee.

The Court would note that Caughron had the opportunity to present any evidence he deemed necessary to support his Amended Application at the hearing held May 13, 2008. The thrust of Caughron's comments at the hearing were the he thought the Court was unhappy about an adjustment to his fee schedule that occurred in 2006, wherein Caughron's fees were increased from $150.00 per hour to $195.00 per hour. In his attempt to revisit the previously denied fees, Caughron also filed an Amended Disclosure of Compensation of Attorney for Debtor on March 13, 2008. The Amended Disclosure is dated March 12, 2008, and discloses that Debtors agreed to pay Caughron an hourly rate of $150.00 for attorney's fees between October 2005 through February 27, 2008, and that the agreed hourly rate after February 27, 2008, was $225.00 per hour. The Court is baffled as to Caughron's statement that his fees increased to $195.00 in 2006 when

9

the Amended Disclosure Statement filed on March 13, 2008, makes no such reference. At any rate, the Court is not persuaded by Caughron's interpretation of this Court's prior Order. The Court also finds that Caughron failed to present any evidence that the fees and costs of $806.25 billed on March 11, 2008, were incurred for any reason other than to defeat the Court's prior ruling on Caughron's fees and costs. Therefore, for the reasons discussed herein, the Court will enter a separate order providing as follows:

    IT IS ORDERED that Debtors' Amended and Updated Application for Professional Fees and Costs filed by R. Clifton Caughron on March 13, 2008, is approved in part and denied in part; and R. Clifton Caughron and Debt Relief Law, PLLC are awarded additional fees and costs of $133.73, which amount is in addition to the fees and costs of $2,100.00 that were awarded to Caughron and Debt Relief Law, PLLC on July 16, 2007.

                              BY THE COURT

                              HON. RALPH B. KIRSCHER
                              U.S. Bankruptcy Judge
                              United States Bankruptcy Court
                              District of Montana